CUNNINGHAM, Appellant, vs. EAGAN, Garnishee, Respondent.

*February 1 — February 21, 1899.*

*Debtor and creditor: Fraudulent conveyances: Garnishment.*

The principal defendants owed their father about $2,100, and others
about $6,000. To secure the debt to their father one of them gave
him a mortgage on a stock of goods worth about $1,500, but re-
mained in possession. The other transferred, by absolute bill of
sale, and delivered to the father a stock of goods for an expressed
consideration of $1,552, which was about their actual value, though
their inventory price was about $2,000. This transfer was claimed
by the son to be a payment *pro tanto*, but by the father to be as se-
curity only. Afterwards plaintiff obtained a judgment against the
sons, and garnished the father. *Held*, that the transaction stated
did not justify an inference of fraud which would render the father
liable as garnishee in respect to the goods delivered to him.

APPEAL from a judgment of the circuit court for Ashland
county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

Barney and Michael Eagan, indebted to their father, the re-
spondent, in the sum of $2,100, and to others in about the sum
of $6,000, had each a stock of goods. Michael Eagan executed
a chattel mortgage to his father on his stock, worth about
$1,500, to secure said sum of $2,100, the goods remaining in
the mortgagor's possession. On the same day, or the follow-
ing, Barney transferred to his father, by absolute bill of sale
and delivery, his stock of goods, then removed to Ashland,
for the expressed consideration of $1,552, which was seventy-
five per cent. of their inventory price. He testified that the
transfer was an absolute one in payment *pro tanto* upon said
indebtedness. Shortly afterwards, the plaintiff, having ob-
tained judgment against Barney and Michael Eagan, gar-
nished the respondent, who answered, denying liability. The
suit was tried in the circuit court for Ashland county with a
jury. Barney testified substantially to the foregoing facts.
The garnishee testified that the bill of sale from Barney was
a security, and not in payment, and that, although the mort-

Cunningham vs. Eagan.

gage from Michael was executed the day before, they were both intended as the same transaction, namely, to secure the $2,100. At the close of the testimony, the court, on respondent's motion, granted a nonsuit, and judgment thereon, from which the plaintiff appeals.

For the appellant there was a brief by *J. J. Miles*, and oral argument by *Burr W. Jones*.

For the respondent there was a brief by *Tomkins & Merrill*, and oral argument by *Geo. F. Merrill*.

DODGE, J. The facts are without dispute, except as to whether Barney Eagan's transfer was absolute or as security. The fact of the indebtedness from Barney and Michael Eagan to their father in about the sum of $2,100 is clear. The only property of either which is shown to have actually come to the possession of the garnishee is Barney's stock, which, at inventory price, did not exceed $2,000, and was of actual value about $1,550. Its transfer to the father was accompanied by immediate possession; and whether, as testified by Barney, it was an absolute conveyance in payment *pro tanto*, or, as understood by the garnishee, was a delivery as security, there is nothing in the transaction to justify inference of fraud. It was less than the amount of the debt, so that no surplus could remain in his hands to be subject to garnishment. Michael's stock was not in the garnishee's possession, but was subject to levy by the plaintiff. Of course, as against such levy, the garnishee's mortgage could stand only for the balance of the $2,100 debt not paid by Barney's transfer,— $1,550 if absolute, or the proceeds of the stock if as security. There is, therefore, no evidence tending to prove either that the garnishee is indebted to, or has property in his possession or under his control belonging to, the principal defendants. *Carey v. Dyer*, 97 Wis. 554.

*By the Court.*— Judgment affirmed.